Your Honors, and may it please the Court, my name is Randy Fiedler. I'm representing Ansell Jordan. I would like to reserve two minutes for rebuttal. Okay, keep your eye on the clock and count down. Thank you. Martinez recognizes a simple principle. Petitioners with a substantial claim of ineffective assistance of counsel must have a forum to litigate their claims. Here, Mr. Jordan, despite his best efforts, has not had an opportunity to litigate his claim of ineffective assistance of counsel. Representing himself in his first state post-conviction proceeding, he filed for an extraordinary writ. The Nevada Supreme Court told him that that was the wrong pleading, that he needed to file a post-conviction petition, so he files a petition to the state district court. The district court, despite his request for the appointment of counsel to help him find claims and investigate claims, denies his petition without ordering a response from the state, without giving him a chance to litigate really any of his claims, and forces him to take an appeal to the Nevada Supreme Court, who in turn, again, denied his writ. In federal court, after the appointment of counsel, Mr. Jordan raises an ineffective assistance of counsel claim. He has to go back to state court to exhaust that claim, and the state district court finds that it's procedurally defaulted, and then the Nevada Supreme Court affirms on the basis that it's procedurally defaulted. At no time up to this point in the proceedings has his ineffective assistance of counsel claim been heard. After exhausting his petition and returning to federal court, he again raises his ineffective assistance claim, and the federal court finds that it's procedurally defaulted, finding that his underlying ineffective assistance claim — I'm sorry, finding that his basis for cause, the ineffective assistance post-conviction counsel, needed itself to not be procedurally defaulted. This was error. This is pre-Martinez? The timing's difficult because the district court's opinion came after Martinez, but the pleadings had already been submitted before Martinez came down. So the district court's opinion doesn't cite to Martinez at all. It has to be based on the papers that were presented to him. Correct. So I think we should look at this as the district court did not apply Martinez. Correct. And the case should be remanded? Yes, Your Honor. The case should be remanded with instructions that the district court apply Martinez. We also believe that Mr. Jordan is entitled to an evidentiary hearing because we believe we've met the burden of showing a substantial claim. What if the court found that there wasn't any actual prejudice under Strickland? Would we need to go through the whole process of determining whether or not he procedurally defaulted on his claim? No. If this court wanted to address the merits of Mr. Jordan's claim right now and find that there was no prejudice under Strickland, then it would be unnecessary to send it back for procedural default finding. However, this court should be reluctant to go to the merits of this claim because Mr. Jordan has not had a chance to have an evidentiary hearing in this case. And insofar as current counsel has investigated this case, there's only so much we can do without the benefit of an evidentiary hearing. Give us a little clue as to what the IAC claim of trial counsel is, what you would hope to discover that would help you out with that claim. Just give a little sketch as to what you think, as to what you just alluded to. Okay. What we would expect to show is that trial counsel had no strategic basis for not seeking admission of the prior rape accusations from the victim. And because trial counsel had no strategic reason, we would expect that that would prove the deficiency prong of Strickland. We would also expect that the prejudice – we'd win on the prejudice prong because this evidence is admissible under Nevada State law. Nevada does have a rape shield law. However, there are exceptions to it. Trial counsel should have sought a hearing to prove that one of those exceptions applied. Trial counsel did not do so. And we would expect that either we would find that the prior accusations were false, in which case that would be extremely material evidence. Or even if they were true, we would expect the evidence to be admissible to show that the State's theory that the victim was this young, naïve, immature person, unwise to the ways of the world, would – was inaccurate. And so – I think you'll have trouble just – Because – Oh, go ahead. Go ahead. You're going to have trouble showing that the prior accusation was false and that there was a conviction that resulted.  in to testify. According to her, the perpetrator of one of the incidents went to jail for a day and was charged with battery. She was given a case number and told that she was going to get called back, and she never received a call. I see. So the evidence at the moment, in the current state of affairs, is we don't know for sure whether there was a conviction? Correct. And then as to the previous accusation, she didn't tell anyone until after this offense arose. Okay. So how does that show it was false, the reports? At this point, we don't know if it's false or not. What I'm saying is we can assume either the prior accusations were true or false. If they're false, they're admissible under Miller and Abbott under Nevada Supreme Court law and would be material to show that this could be another false accusation. If they're true, it would still be admissible under Summit to show that the prosecution's portrayal of the victim was – was false. And we expect this to show – I guess – run that by me again, because she's been assaulted. She's therefore a wise in the ways of the world. Part of the difficulty that the State had in this case is that there was a long multiple-day – according to the victim, there was a long multiple-day escalation with Mr. Jordan. And it first involved Mr. Jordan making lewd comments to her that made her uncomfortable enough that that night, rather than sleeping on the couch, she sleeps in her cousin's bedroom. On the night of the offense, Mr. Jordan allegedly, again, made lewd comments to her, but now she's sleeping in the living room on the bed. He's sleeping sort of – it's a fold-out bed on a couch, so she's sleeping in one place. He's sleeping a few feet away. And then, allegedly, he climbs on top of her, kisses her, and she pushes him off. He goes back, and then he comes back again, and then the assault takes place. The State, during the presentation of this case, was aware of the fact that this – there's a degree of unbelievability. If she's someone who has this escalation occur, it's – could have been the case that she would know to get away from the defendant. So to counteract that inference, the State went after – I'm sorry, the State defended her character by playing up how innocent and naive she was. But they really shouldn't have done that, given these prior accusations, which is to say that if she was the victim of these prior rapes, she would not have been this naive, innocent girl. She would have known that Mr. Jordan was a threat, and so known to not – Yes, she should have known that men are – there are a lot of bad men out there. Exactly. Because she had bad experience with one of them, and here's another one. Right. So based on all of the uncertainty revolving around this case, based on the fact that we don't know the truth or falsity of these prior allegations, we don't know what trial counsel was planning or not planning when they elected not to try to seek admission of this evidence, this Court should remand and grant an evidentiary hearing to give Mr. Jordan finally an opportunity to litigate his ineffective assistance of counsel claim. And what's the status of the law with respect to evidentiary hearings in cases like this, assumed for the moment and for the purpose of this question, that we would agree with you that the claim of IAC by trial counsel is substantial and that it is therefore a cause that will excuse the procedural default? Does Penholster prevent a hearing, an evidentiary hearing, or is there an exception on a Martinez case so that you can have an evidentiary hearing in Federal court so that you can expand the record that was established or not established in State court? And I have two responses, Your Honor. First, Dickens is directly on point. Penholster, because it addresses ad pedeference, has nothing to do with procedural default. Thus, a court can grant an evidentiary hearing to determine whether procedural default applies without running into any Penholster problems. Second, Penholster does not apply in this case because the claim was procedurally defaulted before the Nevada Supreme Court. Thus, this Court or the district court, should this court choose to remand, will be reviewing the ineffective assistance of counsel claim under the de novo standard. Unless the panel has any other questions, I would reserve my remaining time for rebuttal. Roberts, let's hear from the State. May it please the Court. I am Nevada Deputy Attorney General Dan Roche, and I represent the respondent Apeliz in this matter. There are two questions before this Court. First is whether trial counsel is ineffective for failing to introduce or cross-examine the victim about prior sexual assaults or attempted sexual assaults. And the second question is whether that claim is procedurally defaulted or whether Mr. Jordan can overcome that default pursuant to Martinez. Both of those questions can be resolved by the simple fact that the evidence that Mr. Jordan wants or wanted his trial counsel to admit is not admissible evidence in the State of Nevada. Therefore, his ---- Do we have any ---- I think I'll state it rather than put it as a question. My understanding of this case is we've got no ruling by a district court on that. Is that right? By a State district court or a Federal district court? A Federal district court. The Federal district court in this case ruled on his ineffective assistance of trial counsel claim on its merits. He was alternative to his procedural ruling. He went through and found he wasn't caused to excuse the default, and then he went through each claim on the merits. If you look at ER, EOR, excerpts of record, pages 18 and 19, the Federal district court in this case ruled under Strickland that the claim had been effective assistance of trial counsel lacked merit, correctly ruled that it lacked merit. The evidence is not admissible in Nevada. He can't meet any exception. And the Nevada Supreme Court has stated as much on excerpts of record, page 54. During his first post-conviction action in State court, Mr. Jordan claimed that the trial court had erred by granting the State's motion to preclude any evidence of prior sexual conduct under the Rafe Shield Act. But let me go back to that, page 15, EOR 18, page 15 of the order. Starting at line 21, the court says, in the instant case, petitioner has not shown that his counsel was ineffective or that he was prejudiced. The State trial court had already granted the State's motion to enforce Nevada's Rape Shield Law. But it did so, if not in a vacuum, just in a general sense, correct? It didn't actually address head-on the claims that are being raised now as to these earlier reports by the victim. That's correct. And the State judge said, and the State attorney, prosecutor, also said, what evidence? And if you look through the record in this case, look through every page of the excerpts of record, there's no evidence of any sexual conduct whatsoever except the specific allegations that he's alleging here should have been introduced. So what else could it have been? There's no other possible evidence in the record that could have been introduced. This is the only thing that you could look back through the record and say, this is what they wanted to do. And let me ask you about the Nevada Rape Shield Statute and its preclusion of sexual conduct types of evidence as to the victim. Would what we have here qualify as evidence regarding the sexual conduct of the victim, where what we have is basically the victim reporting somebody trying to do something to her versus her doing something sexual? It would, Your Honor. If you look at every single case of the Nevada Supreme Court interpreting its rape shield law, every exception that you could apply, by those exceptions, all prove the rule that this evidence is inadmissible. And like I said, on page 54 of the excerpts of record, the Nevada Supreme Court stated that this evidence is not admissible under the rape shield law, and he has not alleged any exceptions that would allow it to be introduced. For instance, let's look at Summit v. State. He alleges that this evidence might be admissible to demonstrate that the victim is not a naive, unknowing girl. In Summit v. State, it was a 6-year-old child who had the defendant was charged with cunnilingus and fellatio on a 6-year-old child. The State argued, clearly, she's not making up these allegations because how would a 6-year-old child understand how that works? And it turned out in that case that when she was 4 years old, the same child had undergone a sexual assault of that nature. And so the Nevada Supreme Court ruled that because that evidence could contradict the State's argument that she was too naive to understand this conduct, it was admissible.  And if you look at Miller v. State, which was the exception for prior false allegations of sexual assault, the elements of that test require you to prove by a preponderance of the evidence that the prior allegation is false. If the prior allegation is true, it's not admissible in the State of Nevada. So that those exceptions that the rape shield law proved that it's true, it's not admissible in the State of Nevada. And so the State has to prove that the allegations are true or false so now we get a hearing in order to find out. No, that's not how it works, Your Honor. You can't you don't get to the claim under Martinez has to be substantial. It doesn't have to be theoretically possible. There's no evidence, and he's been represented by the Federal Public Defender for multiple years now, that these allegations are false. You have to show something or make a proffer or submit some documentary evidence or an affidavit or a declaration, do something to show that you have some merit to your claim. But there's no evidence anywhere in the record that would support the argument that her allegations were false. And as you stated, she told the police officer who was interviewing her that one of the prior attackers had been convicted, and I assume from the circumstances of her statements that it was a plea of some sort. But we don't have the record. We don't. We cannot independently confirm based on the record we have in front of us that there was such a conviction. She says there was, and that may well be true, but we can't or we don't have the piece of paper that tells us that. Oh, that's right. Yeah. Yeah. But unless he has evidence in his possession to prove that it was false, it's not admissible evidence, and therefore, trial counsel is not an effective filing to introduce it. Yeah. Let me ask you this. Judge Reed, on page 16 of his order, EOR 19, Petitioner has not put the issue of whether the rape shield claim should have been raised on appeal in the state court before this court. I added a couple of words to make clear what I think he's saying. Now, at the time that Judge Reed issued this decision, he's unaware or not paying attention to, I think the right word would be unaware of Martinez. And there's a later case in our circuit that says Martinez supplies not only the ineffectiveness of trial counsel, but also ineffectiveness of appellate counsel. So there's an issue there that today is very clearly cognizable under Martinez, that is to say, should there have been an appeal of the rape shield ruling? The answer to that is the same as the trial counsel claim. It's not admissible evidence, so why would appellate counsel have raised the claim? It's not – it's just simply not admissible evidence in the state of Nevada. But the question is, and I myself am not in a position to assess the – Well, the second thing is, he hasn't raised the claim that appellate counsel is ineffective under Martinez. I'm sorry. No, no, no. The question is whether one of the exceptions to the rape shield law would apply. And I have to say, sitting here, I hear your argument, but I can't independently evaluate it because there's a lot of research and reading I would need to do. I understand your position, but I'm not yet myself in a position to say I agree or disagree. If you're not in a position to say if you agree or disagree, he hasn't met his burden because he bears the burden of showing that he's entitled to relief. I don't bear the burden. Well, I'm not in a position to agree or disagree because I haven't read the cases. That's my problem. If it's not his problem, it's my problem. It is his problem. He has to prove to you – It's nice of you to deflect, but he needs to prove to you that under State law, this evidence would have been admissible. If he can't show that it's admissible under State law, he hasn't made a prime of – just a – Right. On its face, effective – The reason that we permit these claims to be brought collaterally is so that they have time to develop the information in order to see whether there's an ineffectiveness claim. That's correct. It's not this Court's job to evaluate those claims in the first instance. No, I know. He should have done it before. That's the whole reason we're here arguing on Martinez, is because he failed to raise this claim in State court when he should have. Well, I'm not sure that's a – you know, because our case law has been developing, the argument that he should be raising ineffective assistance of appellate counsel, I'm not sure that was an argument that would have sensibly been raised at an earlier time, but now it's very sensibly raised because our case law very clearly says that if you've procedurally defaulted not merely the trial counsel, IAC, but appellate counsel, IAC, and you meet the criterion of substantial, then the default is excused. Wouldn't that be the same as the trial counsel claim? He could have raised the claim in his first State post-conviction petition that appellate counsel is ineffective for failing to raise his claim on direct appeal. It's the identical circumstances. The claim at its fundamental base lacks any merit, and therefore, trial counsel or appellate counsel were not ineffective for raising the claim. Therefore, he can't overcome the procedural default of that claim pursuant to Martinez, and therefore, this Court should affirm the district court below. I don't know what else to tell you. I've read the case law. Under the case law in the State of Nevada, this evidence could not have been admitted. And let's move on to another point. Even if this says the rape shield is to prevent evidence coming in for the purpose of arguing that this is an experienced person who must have been. It's to prevent character attacks on a victim. And that's exactly what they're trying to do here. They're trying to say that if this evidence was admitted, it would prove that this girl should have known better than to be in the same room as their client. That's victim-blaming. And if trial counsel, even if this evidence would have been admissible, he would have run the risk of alienating a jury by saying, look, this girl should have known better than to be alone in the room with my client. That undermines you trying to portray your client as an innocent. And so even if it's admissible, it's not a valid claim of innocence. And that's exactly what they're trying to do here.   And that's exactly what they're trying to do here. And so even if this evidence would have been admissible, it would not have changed the result of trial. His defense at trial was, everyone else is lying. They're all conspiring to get me. Because that he took the stand at his own trial and testified. All these other people that you heard, they all lied. I didn't say any of those things. I didn't attack her. I didn't do anything. They're all making it up. That's not an effective defense. And even if this evidence would have been admissible in cross-examination of the victim, it wouldn't have changed the result of his trial. So like I said at the beginning, because this claim itself lacks any merit, it doesn't provide cause to overcome the default under Martinez. And therefore, the district court's order should be affirmed. If there's no further questions, I'll say it. Roberts. Response. I have three quick points. First, I want to address this accusation that we're victim-blaming here. Part of the issue with what happened in this trial is that the state played up facts that it knew were false. They played up the victim's innocence and sexual immaturity, knowing that she had already made these accusations of rape. Trial counsel, because they didn't seek to admit any of this evidence, lacked anything to dispute the prosecution's presentation. Second, I want to address the Nevada Supreme Court opinion, EOR 54, that the state has mentioned multiple times during their argument. The Nevada Supreme Court writes, as a separate and independent ground for denying this claim, we conclude that the claim lacked merit. The evidence was barred by NRS 50.090, and appellant presented no special circumstances to overcome that statutory bar. So here, the Nevada Supreme Court is recognizing the fact that under certain circumstances, this evidence would be admissible. And we are taking the position that under summit, the evidence would be admissible. It's an analogous situation. Although the victim here is older, the state is presenting this character evidence that she wouldn't know any better, and the defense should have the opportunity to present evidence to rebut that. I thought you said you wanted an evidentiary hearing in order to show that they were false. Well, because we also believe that it would be admissible if the accusations are false. It seems the state's not disputing that the accusations would be admissible if they were false. Finally, the fact that the ineffective assistance of appellate counsel claim, and the fact that this Court has recently recognized and when that Martinez applies to the ineffective assistance of appellate counsel, is further reason to grant a remand and allow the parties to litigate the issues that are currently unresolved and unresolvable in this case. Because at the point you're making, more or less the same paragraph you just pointed us to, the Nevada Supreme Court is saying, listen, you didn't raise that claim on direct appeal. Correct. And unless there are additional questions, I'll be with you. Okay. Thank you. Very nice arguments from both sides. As I'm sure you recognize by now, Martinez is a procedurally complicated proposition. Jordan v. Farwell now submitted for decision. And we are adjourned. Thank you.
judges: Curiel, SCHROEDER, FLETCHER